Deller *v.* Hofferberth.

---

No. 14,781.

## DELLER *v.* HOFFERBERTH.

NEGLIGENCE.—*Pleading.*—*Particularity.*—*Indefiniteness.*—In an action for negligence it is not necessary that the complaint specify, with any great degree of particularity, the elements entering into the cause of the action in order that it may withstand a demurrer. If the defendant desires a more particular statement, a motion that it be inserted is the proper practice.

SAME.—*Steam Engine out of Repair.*—A steam engine in use which is so out of repair as to be in an unsafe condition for such use is a nuisance.

SAME.—*Lessor not Liable.*—A lessor is not liable for an explosion of steam boilers he leases to a lessee caused by defects arising therein subsequently to the lessee's taking possession thereof, even though they be

in such a condition that they will naturally become dangerous if the tenant fails to repair them.

From the Vanderburg Circuit Court.

*A. C. Tanner* and *W. Ireland*, for appellant.

*D. B. Kumler* and *V. Bisch*, for appellee.

MILLER, J.—This was an action brought by the appellant against the appellee for personal injuries.

The complaint is in two paragraphs. The first paragraph alleges that, on the 14th day of December, 1886, the plaintiff was employed by the defendant to work in a saw-mill owned by the defendant, and that while engaged in the discharge of his duties under the employment, three of the boilers connected with the mill exploded, and he was greatly injured; that the explosion occurred by reason of the defectiveness and unsafe condition of the boilers, and each of them, each of them being old and rusted, and unfit for use, all of which was known to the defendant, who negligently and carelessly used them in his said business; that the defective and unsafe condition of the boilers was unknown to the plaintiff, and that the explosion and injury were not caused by the fault or negligence of the plaintiff.

The second paragraph of the complaint is much like the first, except that it avers that at the time of the explosion the defendant had leased the mill to one Joseph N. Morrow, to be operated by him in sawing for the defendant; that as a part of the mill, and embraced in the lease, were three boilers, and that at that time they were defective and unfit for use as such, in this, the iron of which they were made was old, rusted, rotten and leaky, had lost its elasticity, and was unable to withstand the pressure of steam, and the use of said boilers for said reason was necessarily dangerous, and the said condition was known to the defendant at the time of said lease.

The appellee answered in three paragraphs, but as the first paragraph is a general denial, and the appellant can not as-

sail the sufficiency of the third paragraph in this court for the first time (*City of Evansville* v. *Martin,* 103 Ind. 206), we need only refer to the second paragraph, the sufficiency of which was tested by a demurrer in the trial court.

The second paragraph was pleaded in bar of both paragraphs of complaint.

After admitting his ownership of the mill, and the lease of the mill, boilers and machinery to Joseph N. Morrow, it avers that Morrow was to keep the mill and machinery in good repair, and that he was to have the absolute control thereof without interference on the part of the defendant; that he was to employ, discharge and pay all hands or servants, pay the entire expense of running the mill; that, so far as the boilers, engines and motive power of the mill were concerned, they belonged absolutely to said Morrow under said lease, and were under his control for himself, and not for the defendant; that, under said contract, the defendant was to put said mill and machinery in good repair, to the approval of Morrow, who was a practical saw-mill man of large experience in such matters, before he took possession; that defendant did so put said mill and machinery in repair to the approval of said Morrow, who, on the 20th day of November, 1886, took absolute and sole possession thereof, and "that said machinery and boilers were in good repair at the time of said lease, and had been used for a long time prior thereto by the defendant, and after said leasing the said Morrow used said boilers and machinery, and they were in a safe and reasonable condition at the time of said explosion."

It is contended by the appellant that the court erred in overruling the demurrer to this paragraph on account of its failure to fully negative the allegations of the complaint respecting the condition of the boiler, and iron of which it was constructed.  The first paragraph of the complaint says of the boilers, that at the time of the injury, "each of them being old and rusted, and unfit for use;" and the second paragraph, that they were "defective and unfit for use as

such, in this, the iron of which they were made was old, rusted, rotten, and leaky ; that it had lost its elasticity, and was unable to withstand the pressure of steam."

We are satisfied that the answer is not subject to demurrer for failure to negative the material allegations of the complaint.

It is not essential that pleadings in actions for negligence should, to be good on demurrer, specify with any great degree of particularity the elements entering into the causes of action, or defence ; if the adverse party desires a more particular statement, a motion is the appropriate method of procedure. The answer avers that the boilers were in good repair when the mill was leased to Morrow. This is an allegation of a fact, and not a mere conclusion, and is necessarily inconsistent with the charges made in the complaint.

The next objection to the sufficiency of this answer is best stated in two citations from appellant's brief, viz.: " A steam engine out of repair, and in an unsafe condition, is a nuisance." Wood Nuisances, 151. And " that it is no answer to a complaint alleging the existence of such nuisance to say that the owner had parted with the control of the nuisance under a contract with the lessee to make repairs ; and especially is this true when, as in this case, the owner shows that only the machinery was surrendered to another to be operated for the owner."

That a steam engine so out of repair as to be in an unsafe condition when in use, is a nuisance is unquestionably true ; but as the demurrer admits the allegation of the answer, that the machinery and boilers were in good repair at the time of the making of the lease, to be true, it does not follow that that proposition is decisive of this case.

In discussing the sufficiency of the answer it must be assumed that the boilers were in good repair at the time they were leased by the appellee to Morrow, and that by the terms of the lease Morrow was to keep them in repair during the ex-

istence of his lease.    With reference to this state of facts the law is laid down in 2 Shearman & Redfield Neg., section 708, as follows:  "An owner of property, either real or personal, who lets or lends it, without agreeing to make repairs thereon, and who transfers the entire possession and control of the property to the hirer, is not responsible for defects subsequently arising therein, either to the tenant or to third persons, even though the premises be in such a condition that they will naturally become a nuisance if the tenant fails to repair as he has covenanted."

In *Purcell* v. *English*, 86 Ind. 34 (40), this court, speaking of the liability of a landlord says, "Another author says: 'An owner being out of possession and not bound to repair, is not liable in this action' (*i. e.,* for nuisance) 'for injuries received in consequence of his neglect to repair.'"    Wharton Neg., section 817.    In still another work it is said, in speaking of the landlord's liability:   "Nor, in the absence of a covenant to repair, is he liable for injury resulting from the faulty construction or condition of the premises, the control over which is in the hands of a tenant, either to the tenant or third persons."    Wood Land. and Ten., section 384; 1 Thompson Neg. 323.

In *Union Brass Mfg. Co.* v. *Lindsay*, 10 Ill. App. 583, it was held that the burden of proof is upon the plaintiff to show that the defect which causes the injury existed at the time of the making of the lease.  A well considered case upon this subject is found in *Shindelbeck* v. *Moon*, 32 Ohio St. 264, in which the court held that the absence of an agreement on the part of the landlord to keep the premises in repair, he is not liable for injuries arising from a defective condition of the premises, when the defect arises during the continuance of the lease, although it is admitted that if a nuisance existed at the time of the demise, or in the nature of things become so by its use, he would be liable.

Each of the cases cited by the appellant recognizes this distinction, and many of them support the answer.

In Helwig v. Jordan, 53 Ind. 21, the owner erected a kiln and leased it for a purpose that he knew would be dangerous. In House v. Metcalf, 27 Conn. 631, the wheel which caused the injury sued for, was found to be in the same condition at the time when the lease was made that it was at the time of the accident. The cases of Prentiss v. Wood, 132 Mass. 486, and Jackman v. Arlington Mills, 137 Mass. 277, were for injuries caused by continuing nuisances.

The conclusion we have arrived at is, that the court did not err in overruling the demurrer to the second paragraph of the answer.

By the fourth clause in the assignment of error, it is claimed that the court erred in overruling the motion for a new trial.

The only question discussed in appellant's brief, under this assignment of error, relates to the instructions given by the court to the jury.

No exceptions were taken or reserved to the giving of any of the instructions; but we have examined them and find that the court submitted the cause to the jury in accordance with the principles of law above enunciated.

Judgment affirmed.

