**Ronnie JONES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 885S345.**

Supreme Court of Indiana.

July 28, 1987.

Diane McNeal, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction in a trial by jury of the crimes of kidnapping and robbery. Appellant was sentenced to a term of 35 years for kidnapping and 10 years for robbery.

The issue presented on appeal is whether the trial court erred in allowing Officer Flemming to testify concerning a telephone conversation he had with appellant.

These are the facts from the record which tend to support the determination of guilt: On November 9, 1983, as James Thomas started to get out of his car, appellant walked up to the car with a sawed-off shotgun and demanded Thomas's wallet, threatening to kill him if he did not comply. After Thomas surrendered his wallet, appellant forced Thomas to the passenger seat of the car, placed the shotgun in Thomas's ear, and started driving. Thomas was able to gain control of the shotgun and when the car went off the road, Thomas, using his own gun, held appellant until police arrived.

Appellant testified in his own behalf and told a different version of the events. On cross-examination appellant was asked whether he had had a conversation with an Officer Flemming in February of 1984. Appellant stated that Flemming had telephoned him and that during that conversation he admitted being with Thomas on the night in question but denied robbing him. In rebuttal, the State called Officer Flemming who testified that he spoke over the telephone with appellant in February of 1984, and appellant had stated during the conversation that he may or may not have been involved in the robbery and that he would not mind "doing the time".

Defense counsel objected to Officer Flemming's testimony on the ground that appellant was represented by counsel at the time of the conversation. On appeal, appellant now argues that the State failed to lay a proper foundation as to authentication and identification of the party making the telephone call or the party receiving the call and that the testimony was inadmissible hearsay.

This issue has been waived for purposes of appeal because the argument presented is predicated upon a substantially different basis than that raised at trial. *Golden v. State* (1985), Ind., 485 N.E.2d 51; *Tabor v. State* (1984), Ind., 461 N.E.2d 118; *Vasquez v. State* (1983), Ind., 449 N.E.2d 284.

Even if the issue had not been waived, there was no error in the admission of the testimony. Appellant had previously testified that the telephone conversation between Flemming and himself occurred. The only inconsistency between appellant and Flemming was whether appellant denied committing the robbery. Had the State presented Officer Flemming's testimony in its case-in-chief, it would have been necessary to lay a proper foundation. However, since appellant had already acknowledged the telephone call took place and recited his version of the conversation, no foundation for Officer Flemming's testimony was necessary.

Further, the testimony, while hearsay, was nevertheless admissible under the exception to the hearsay exclusionary rule for admissions of a party opponent. *Lynk v. State* (1979), 271 Ind. 445, 393 N.E.2d 751.

Conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.