538 A.2d 22

**John LONON and Rebecca Lonon**

v.

**The PEP BOYS, MANNY, MOE & JACK and General Battery Corp.**

**Appeal of GENERAL BATTERY CORP.**

**John LONON and Rebecca Lonon**

v.

**The PEP BOYS, MANNY, MOE & JACK and General Battery Corporation**

**Appeal of The PEP BOYS, MANNY, MOE & JACK**

Superior Court of Pennsylvania.

Argued Nov. 18, 1987.

Filed Jan. 26, 1988.

Reargument Denied March 21, 1988.

292

294

James M. Marsh, Philadelphia, for appellant (at 1680) and for appellee (at 1892).

Maria Zulick, Philadelphia, for appellant (at 1892) and for appellee (at 1680).

Daniel J. Siegel, Philadelphia, for Lonon, appellee.

Before CAVANAUGH, McEWEN and TAMILIA, JJ.

TAMILIA, Judge:

This case involves two consolidated appeals. All appellants appeal from judgment entered on May 26, 1987. The facts and procedural history surrounding the case are as follows.

In April of 1983, John and Rebecca Lonon brought an action against appellee/cross-appellant, The Pep Boys, Manny, Moe and Jack. The complaint alleged that on December 7, 1981, John Lonon purchased from Pep Boys a sixty-month automobile battery which Pep Boys installed in Lonon's automobile. When, on December 21, 1981, the battery failed to operate, John Lonon attempted to boost or

jump-start it from another battery. While Lonon was affixing the battery booster cables to the battery, the battery:

burst or exploded causing the plaintiff to be violently struck with battery fragments, causing sulfuric acid solution to be splashed onto his eyes, face and body and causing him to fall backwards onto the ground injuring his neck, back and left knee.

Complaint at p. 2. The initial complaint alleged breaches of both implied warranties of fitness for a particular purpose and merchantability, as well as trespass.

Later, on October 3, 1983, The Pep Boys filed a complaint seeking to join as an additional defendant General Battery Corporation, as designer, manufacturer and distributor of the battery in question. Pep Boys made the following averments:

If the allegations contained in Plaintiff's Complaint should be proved at the trial of this action, then plaintiffs [sic] injuries were cause[d] by the battery in that the said battery was defective in its design and/or manufacture and/or it lacked adequate warnings and instructions, and/or it was not properly tested or inspected and/or it was in breach of express or implied warranty and such defective condition, lack of warning, failure to inspect or breach of warranty was the result of acts, ommissions [sic], or other conduct of additional defendant, General Battery Corporation.

Complaint to join additional defendant at pp. 2–3. The Pep Boys demanded that the Lonon's complaint be dismissed or, in the alternative, that sole liability be found against the additional defendant or that there be a finding of contribution or indemnity from the additional defendant.

At trial, in February of 1986, appellee Lonon produced an expert who theorized that an internal spark caused by a defective weld in the battery had produced the explosion. General Battery offered expert testimony to the effect there was no defect in the battery. Instead, the expert opined Lonon's failure to heed the warning on the battery which advised persons to consult instructions before attempting to jump-start a battery and Lonon's subsequent

improper attempt at jump-starting had created an external spark which produced the explosion. On direct examination, Lonon testified his eyes had been burned by the explosion and that the force of the explosion had propelled him to the ground, causing him to sustain back and knee injuries. Counsel for Lonon stated medical bills and lost wages totaled $10,500. After deliberation, the jury returned a verdict in the amount of $160,000 in favor of the plaintiff.

On February 26, 1986, General Battery filed a motion for new trial or other post-trial relief. On March 3, 1986, Pep Boys filed a motion for judgment n.o.v. or new trial, as well as a motion for indemnification, court costs and attorney fees against General Battery; Pep Boys also filed a motion to mold the verdict. The Lonons filed a motion *nunc pro tunc* for award of delay damages pursuant to Pa.R.C.P. 238, on March 30, 1987. On May 9, 1987, the trial court entered an Order reducing the jury verdict to $80,000 and directing General Battery to indemnify the Pep Boys. The court further ordered that delay damages in the amount of $22,575.33 be added to the $80,000 award. Post-trial motions were otherwise denied. Judgment was entered on May 26, 1987. General Battery filed its appeal on June 3, 1987, while Pep Boys filed their cross appeal on June 17, 1987.

On appeal, General Battery urges the court erred in refusing to charge the jury on assumption of the risk by appellee. In his Opinion dated May 7, 1987, the trial judge stated:

> [T]his court did err in stating that the doctrine of assumption of risk is no longer the law in this commonwealth. A correct statement would have indicated that assumption of risk remains the law in Product Liability cases. However, this remark was not communicated to the jury and remains academic unless the facts of the case warranted such instruction.

Slip Op., Wright, J., 5/7/87, p. 3.

 The doctrine of assumption of risk is a viable defense in a 402A products liability action. *See Common-*

*wealth v. Harris,* 104 Pa.Commw. 580 n. 1, 522 A.2d 184 n. 1 (1987); *Rutter v. Northeastern Beaver County School District,* 496 Pa. 590, 437 A.2d 1198 (1981). In *Staymates v. ITT Holub Industries,* 364 Pa.Super. 37, 527 A.2d 140 (1987), our Court said a complete defense to a strict liability action can be made out by a showing that the plaintiff knew of the defect and voluntarily and unreasonably proceeded to use the product or encounter a known danger. We stated:

> Additionally, voluntary assumption of risk must rest upon the subjective awareness of the defect; this cognizance can be proven by circumstantial evidence sufficient to permit an inference that the user was aware thereof and understood the risk. *Weaver v. Clabaugh,* 255 Pa.Super. 532, 536, 388 A.2d 1094, 1096 (1978); Restatement (Second) of Torts § 496D, Comment *d.* 'Whether the plaintiff knows of the existence of the risk, or whether he understands and appreciates its magnitude and its unreasonable character, is a question of fact, usually to be determined by the jury under proper instructions from the court. The court may itself determine the issue only where reasonable men could not differ as to the conclusion.' Restatement (Second) of Torts § 496D, Comment *e.*

*Id.,* 364 Pa.Superior Ct. at 49, 527 A.2d at 146. Thus the question before us is whether reasonable men could differ as to the court's conclusion that the plaintiff-appellee had not assumed the risk which would be created by a defective weld. We agree with the court's conclusion plaintiff could not have known of such a defect and, therefore, could not have assumed that risk, since the battery was a "maintenance free" type battery and appellee had not installed it himself. As there was an absence of evidence from which the jury could conclude appellee had knowledge of the defect when he acted, we find the court properly did not submit the question of assumption of risk to the jury as to a defective weld. However, this does not end the consideration of assumption of risk as in this situation there exists an additional risk related to attaching the jumper cables to the battery, whether in the appropriate or inappropriate man-

ner, which can lead to the damages of which appellee complained.

■ General Battery asserts appellee assumed the risk of the battery exploding, in general. It cites his experience working at a service station, his testimony that he had jump-started cars fifty times or more, his knowledge that batteries contain acid, as well as his testimony that he had witnessed sparks created when jump-starts were given and that he had heard of batteries exploding, as bases of his knowledge of the risk he was undertaking. If the evidence was such that reasonable men could conclude, as an alternative to a manufacturer defect, that the manner in which the battery was used, in the face of a known danger, could produce an explosion and the resulting damages, then the assumption of risk was an issue which should have been considered by the jury. This becomes very relevant when we consider the implications of the charge on the malfunction doctrine. By refusing to instruct the jury that the doctrine of assumption of the risk is a viable defense in this Commonwealth, the trial court precluded any consideration of that issue by the jury. Upon remand, therefore, we direct that assumption of the risk be included in the jury charge.

■ General Battery next urges the court erred in instructing the jury as to the applicability of the malfunction doctrine. The court gave the standard jury instruction on the doctrine.

[A] plaintiff, as Mr. Lonon is, in a strict liability case, as this is, may prove his case merely by showing the occurrence of a malfunction of a product during normal use. The plaintiff doesn't have to prove the existence of a specific defect in the product. He must prove three facts; that the product—in this instance, the battery—malfunctioned; that it was given only normal or anticipated usage prior to the accident, and that no reasonable secondary causes were responsible for the accident.

T.T., 2/21/86, pp. 319–20. *See* Pa. Suggested Standard Civil Jury Instructions at 8.05.

In a case which involved malfunction allegations, *Lenkiewicz v. Lange*, 242 Pa.Super. 87, 363 A.2d 1172 (1976), this Court stated:

We do not hold a plaintiff must refute all possible explanations offered by a defendant. But where an explanation consistent with the existence of a defect is as probable as an explanation inconsistent with the existence of a defect, the plaintiff cannot be held to have met his burden. A jury may not be permitted to speculate.

'[I]t is not necessary that plaintiff prove with mathematical exactness that the accident could only have been caused in one manner to the exclusion of all other possibilities ... but he must eliminate those other causes, if any, as were fairly suggested by the evidence.... And it is the duty of the trial court to determine whether or not this requirement has been met in the first instance before the issue can be submitted to the jury....'

*Id.*, 242 Pa.Superior Ct. at 92, 363 A.2d at 1175.

Here, there was expert testimony offered by General Battery that the explosion could likely have been caused by an external spark created by Lonon's attempt to improperly jump-start the battery. That explanation is inconsistent with the existence of a defect, and is just as probable as the existence of a defect. Thus, appellee-Lonon did not meet his burden of demonstrating a malfunction occurred and the jury should not have been instructed on the doctrine. In addition, as we stated above in our discussion on assumption of risk, if an experienced person, knowing of a risk of explosion in jumping a battery, causes a spark triggering the explosion, he assumes the risk of a secondary cause that is outside the malfunction doctrine. Accordingly, we also reverse the trial court decision as to these points.

■ Pep Boys contend the court erred in failing to charge that sellers are not guarantors of their products, that a jury must consider all factors which may have caused the accident, and that a seller cannot be held liable for failure to warn if the accident would have occurred despite the pro-

posed warning. They urge judgment n.o.v. or a new trial should have been granted, because the experience of appellee-Lonon in jump-starting batteries precludes a finding of a failure to warn defect.

In *Brandimarti v. Caterpillar Tractor Co.*, 364 Pa.Super. 26, 527 A.2d 134 (1987), this Court recognized:

> The primary duty of a trial judge in charging the jury is to clarify the issues so that the jury may comprehend the questions that they are to decide. *Easton Nat. Bank & Trust Co. v. Union Nat. Bank & Trust Co. of Souderton*, 237 Pa.Super. 316, 352 A.2d 544 (1975). As long as the trial judge chooses a form of expression which adequately and clearly covers the subject, the judge is not required to use the exact language of a requested point. *McGowan v. Devonshire Hall Apartments*, 278 Pa.Super. 229, 420 A.2d 514 (1980). Where the accuracy of the charge is an issue on appeal, the appellate court must review it, not to determine whether certain portions taken out of context appear erroneous, but whether the charge in its entirety, against the background of the evidence in the particular case, demonstrated that error was committed which was prejudicial to the complaining party. *Reilly by Reilly v. Southeastern Pennsylvania Transp. Authority*, 507 Pa. 204, 489 A.2d 1291 (1985).

*Id.*, 364 Pa.Superior Ct. at 29, 527 A.2d at 136.

Upon review of the entire charge of the court, we find the instructions were proper here in light of the evidence introduced in this matter. The jury could find no liability as to Pep Boys, solely on the product liability issue, from that charge. It properly permitted the jury to consider whether Pep Boys, if they improperly installed the battery, might have contributed to or caused the resulting damage.

■ General Battery argues the court erred in charging the jury that the conduct of Pep Boys in allegedly not passing on to consumers instructions to be followed when jump starting a battery could not exculpate General Battery from liability. We agree with the trial court's determination that the duty to provide a nondefective product is

nondelegable, and it is the duty of the manufacturer to provide such warnings in a form that will reach the ultimate consumer. *See Mackey v. Maremont Corp.* 350 Pa.Super. 415, 504 A.2d 908 (1986); *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975).

 Pep Boys additionally urge the court erred in instructing the jury plaintiff could recover for embarrassment and humiliation, since there was no evidence to support that claim. As Pep Boys did not preserve this point for appellate review, we deem it waived. *See* Pa.R.A.P. 302 (specific exception shall be taken to the language or omission complained of in a jury charge); Pa.R.C.P. 227.1(b)(1) (if no objection is made, error which could have been corrected during trial by timely objection may not constitute a ground for post-trial relief). However, since this case must be retried, to prevent incorporation of this error into the second trial, we find Pep Boys' point well taken as no evidence exists to support a charge of embarrassment or humiliation.

 General Battery also contends the court erred in refusing to instruct the jury that if it were to find a defect caused the accident, it should indicate the nature of the defect and the point at which it arose. We agree with the trial judge this should be treated as a request for special interrogatories or a special verdict and that it is within the trial court's discretion whether to submit requests for special findings. *See Hutchison v. Pa. Railroad Company,* 378 Pa. 24, 105 A.2d 356 (1954). "If special findings would add to a logical and reasonable understanding of the issue, it is within the discretion of the trial judge to grant such a request." *Krock v. Chroust,* 330 Pa.Super. 108, 117, 478 A.2d 1376, 1381 (1984).

 In the case at hand, we find the court committed an abuse of discretion when it refused to submit special findings to the jury.[1] On remand, such findings should be submitted to the jury so that the jury can have a reasonable

1. We note there is no record of a request to submit such findings to the jury. Since, however, the trial court deals with the issue as if the request were made, we will treat the matter in a similar fashion.

understanding as to the factual findings it is being called upon to make, and to clarify the theory of liability under which the jury finds each defendant liable, should the jury determine on remand that the defendants are, in fact, liable. In this way, the disposition of a request for indemnification will also be facilitated.

Judgment reversed and remanded for new trial as to both liability and damages in accordance with this Opinion.

Jurisdiction relinquished.