ATTORNEY FOR APPELLANT: ATTORNEYS FOR APPELLEE:

VERDELSKI V. MILLER KAREN M. FREEMAN-WILSON
Evansville, Indiana Attorney General of Indiana

 ARTHUR THADDEUS PERRY
 Deputy Attorney General
 Indianapolis, Indiana

 IN THE

 SUPREME COURT OF INDIANA

DEMARIO L. BANKS, )
 )
 Appellant-Defendant, )
 ) Supreme Court Cause Number
 v. ) 82S00-9912-CR-710
 )
STATE OF INDIANA, )
 )
 Appellee-Plaintiff. )

 APPEAL FROM THE VANDERBURGH CIRCUIT COURT
 The Honorable Carl A. Heldt, Judge
 Cause No. 82C01-9901-CF-19

 ON DIRECT APPEAL

 January 24, 2002

RUCKER, Justice
 A jury convicted Demario Banks of murder, felony murder, and robbery
in the shooting death of Jakiya McKnight. In this direct appeal, Banks
raises four issues for our review which we consolidate and rephrase as:
(1) did the trial court err in denying Banks’ motion for mistrial; (2) did
the trial court err in excluding evidence of a witness’ prior conviction;
and (3) did the trial court err by allowing hearsay testimony into
evidence. Finding no error, we affirm.

 Facts

 The facts most favorable to the verdict show that Banks and James
Morris decided to rob known drug dealer McKnight. In the early morning
hours of December 20, 1998, they went to McKnight’s home and engaged him in
a brief conversation. Suddenly producing a 9mm handgun, Banks told
McKnight to lie on the floor and demanded to know where he kept his drugs
and money. In the meantime, Morris proceeded to ransack the house finding
a large quantity of cocaine and between five and eight thousand dollars in
cash. While conducting his search, Morris heard a gun shot. Banks later
told Morris that he had accidentally shot McKnight. The two removed
jewelry from McKnight’s body and fled the scene with jewelry, money, and
drugs. A later autopsy revealed McKnight died as a result of a gunshot
wound to the chest.
 Banks was subsequently arrested and charged with murder, robbery, and
felony murder. After a trial by jury, he was convicted as charged. The
trial court did not enter a judgment of conviction on the murder and
robbery convictions. Finding they merged into the conviction for felony
murder, the trial court entered judgment and sentenced Banks on that
conviction only to a term of sixty years. This appeal followed.
Additional facts are set forth below where relevant.

 Discussion

 I.
 Banks first contends the trial court erred in denying his motion for
mistrial. The facts are these. At the time he committed the instant
offenses, Banks was on bond for an unrelated carjacking charge. At trial,
the State called Morris to the stand.[1] After a series of questions and
answers, the following exchanged occurred:
 [Prosecutor:] So you, Vonda and [Dem]ario are discussing hitting a
 lick or going to rob Jakiya, is that right?

 [Morris:] Yes.

 [Prosecutor:] Tell me what everybody said during that discussion.

 [Morris:] Basically we was just talking about hitting a lick so we
 could pay Demario’s lawyer [] to get him six do three on
 his carjacking case.

R. at 421. At that point, Banks objected and requested to be heard outside
the presence of the jury. The jury was excused, and Banks moved for
mistrial on the grounds that the testimony concerning his alleged bad act
was “highly prejudicial, [and] there’s no way I can cure it . . . .” R. at
422. The trial court denied the motion. However, upon Banks’ request, the
trial court admonished the jury to disregard the witness’ response. R. at
425-26.[2] In this appeal, Banks contends the trial court erred in denying
his motion for mistrial because the testimony violated the trial court’s
grant of his earlier motion in limine.
 We first observe that predicating error on the admission of evidence
that had been excluded preliminarily by an order in limine presents nothing
for review. Rather, if the trial court errs by admitting evidence, the
exclusion of which was sought by a motion in limine, then the error is in
admitting the evidence in violation of an evidentiary rule, not in
rescinding a previous order in limine. Francis v.State, 758 N.E.2d, 528,
533(Ind. 2001). In this case, we interpret Banks’ argument on appeal as a
claim that the trial court erred in denying his motion for mistrial because
the testimony concerning his alleged prior bad act was inadmissible under
Indiana Evidence Rule 404(b).
 A mistrial is an extreme remedy that is warranted only when less
severe remedies will not satisfactorily correct the error. Warren v.
State, 725 N.E.2d 828, 833 (Ind. 2000). “A timely and accurate admonition
is presumed to cure any error in the admission of evidence.” Heavrin v.
State, 675 N.E.2d 1075, 1084 (Ind. 1996) (quotation omitted). In this
case, at Banks’ request, the trial court admonished the jury to disregard
the witness’ remark concerning Banks’ unrelated criminal act. Banks does
not explain why the trial court’s admonishment did not suffice in this
case. Indeed, in his brief to this Court, he fails to mention the
admonishment at all. We conclude Banks is entitled to no relief on this
issue. The trial court properly denied his motion for mistrial.
 II.
 Banks next complains the trial court erred in denying him the
opportunity to introduce details of Morris’ prior conviction. The facts
supporting this allegation of error show that during cross-examination,
Banks established that Morris had once been convicted of robbery. He then
proceeded to question Morris about the details of the conviction. The
State objected, and after argument outside the presence of the jury, the
trial court sustained the objection. According to Banks he should have
been allowed to pursue this line of questioning to show that Morris had a
propensity of recruiting others to assist him in committing crimes. Banks
cites no authority for this proposition, and our own research reveals none.
 Rather, although a witness may be cross-examined about prior criminal
convictions for certain “infamous crimes” and crimes involving dishonesty
or false statement, Ind. Evidence Rule 609(a), the witness may be
questioned only about whether he or she had been convicted of a particular
crime. Hobbs v. State, 548 N.E.2d 164, 168 (Ind. 1990). Generally, the
details may not be explored. Id. We find no error here.
 III.
 For his last allegation of error, Banks complains the trial court
improperly allowed inadmissible hearsay into evidence. The facts in
support of this allegation show that during the cross-examination of
Morris, counsel for Banks introduced into evidence two letters Morris had
sent Banks while both were in custody awaiting trial. R. at 502, 506.
Counsel questioned Morris extensively about the contents of the letters and
the meaning and context of certain words and phrases. On redirect
examination by the State, Morris testified that the letters he sent Banks
were in response to letters that Banks had written him. By the time of
trial, those letters had been thrown away. When asked by the State what
Banks had said in those discarded writings, counsel objected on grounds of
hearsay and improper foundation. R. at 523-26. The trial court overruled
the objection, and Morris continued as follows: “He was asking me about
why I made a statement against, that uh, you know, it wasn’t right to make
a statement against him basically only just that.” R. at 527.[3]
 Banks’ argument that Morris’ testimony was inadmissible as hearsay is
incorrect. A party’s own statement offered against that party is not
hearsay. Evid.R. 801(d)(2); see also Jones v. State, 510 N.E.2d 1352, 1353
(Ind. 1987) (referring to the admission of a party opponent as an exception
to the hearsay rule). The trial court did not err by allowing the
testimony into evidence.

 Conclusion

 The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.

-----------------------
 [1] Morris also was charged with murder, felony murder, and robbery.
His trial was scheduled to begin within a week to ten days after Banks’
trial concluded. R. at 411.

 [2] Specifically, the trial court said:

 Ladies and gentlemen of the jury, you are admonished to disregard the
 last testimony of this witness with regard to any other charges the
 defendant may have now, or may have ever had for any criminal acts . .
 . not related to this case. You must not allow this matter, these
 statements to influence your decision in this case. You must not
 discuss or mention this matter in your discussions with one another.
 You must base your verdict solely upon the . . . proper evidence in
 this case, and the final instructions to the Court as to the law in
 this case.

R. at 425-26.

 [3] The record shows that after his arrest, Morris gave a statement
to police implicating Banks. R. at 454-56.