599 A.2d 685

Louise ROSELLI and Basil Roselli, Appellants,

v.

GENERAL ELECTRIC COMPANY.

Superior Court of Pennsylvania.

Argued Aug. 28, 1991.

Filed Nov. 25, 1991.

Maria C. Palladino, Abington, for appellants.

Keith D. Heinold, Philadelphia, for appellee.

Before DEL SOLE, TAMILIA and HOFFMAN, JJ.

TAMILIA, Judge:

This is an appeal from a January 14, 1991 Order granting appellee, General Electric's, motion for summary judgment.

In June, 1988, appellants, Louise and Basil Roselli, filed suit for personal injuries sustained by Mrs. Roselli on June 19, 1986, when the glass carafe of her General Electric coffee maker, allegedly purchased in 1985 and allegedly used approximately five times, shattered in her hand, thereby spraying boiling coffee onto her leg and abdomen causing severe burns. On May 3, 1989, appellants produced the coffee maker for appellee's inspection, but failed to produce the glass fragments from the glass carafe, which were lost by appellants and their former attorney. Appellees' expert's examination of the machine indicated it had been manufactured in 1981, four years before appellants said it was purchased, and the base was scorched and scarred, indicating frequent use of the machine. On June 26, 1989,

an arbitration panel awarded appellants a combined $25,000. Following an appeal by General Electric, the trial court granted General Electric summary judgment, reasoning the source of the glass carafe, which was not manufactured by appellee and was unavailable for inspection, could not be determined. As appellants did not allege this defect occurred in all General Electric coffee makers of the same type, the court stated examination of the broken fragments of the carafe was necessary to determine the validity of appellants' claim as well as the product manufacturer of the carafe.

Appellants now argue the inadvertent destruction of evidence is not a sufficient basis for a grant of summary judgment because there exist disputed issues of material fact. They also contend the malfunction theory of products liability permits them to prove a product defect with circumstantial evidence and with evidence eliminating abnormal use or reasonable secondary causes.

 As an appellate court, we are bound to consider certain principles which dictate when and under what circumstances a trial court may properly enter summary judgment. *Goebert v. Ondek,* 384 Pa.Super. 100, 557 A.2d 1064 (1989). The trial court must accept as true all well-pleaded facts in the non-moving party's pleadings and must give him or her the benefit of all reasonable inferences to be drawn therefrom. *Lower Lake Dock Co. v. Messinger Bearing Corp.,* 395 Pa.Super. 456, 577 A.2d 631 (1990). Summary judgment should not be entered unless the case is clear and free from doubt. A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the lower court's conclusion that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.;* Pa.R.C.P. 1035. We will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *Lower Lake Dock Co., supra.*

Appellants contend there existed a dispute between the parties as to a material fact and, therefore, the trial court erred in granting summary judgment. Specifically, appellants allege the dispute centers around the amount of use of the coffee maker prior to the accident. Appellants alleged in pleadings and testimony they used the machine approximately five times, while appellee's expert filed an affidavit stating his inspection of the remains of the coffee maker demonstrated use well in excess of five times. There is nothing in the record to indicate the carafe and heating base came into use at different times.

We agree with appellants that trial by testimonial affidavit is prohibited. In *Curran v. Philadelphia Newspapers, Inc.*, 497 Pa. 163, 183, 439 A.2d 652, 662 (1981), the Supreme Court stated "Testimonial affidavits of the moving party or his witnesses, not documentary, even if uncontradicted, will not afford sufficient basis for the entry of summary judgment, since the credibility of the testimony is still a matter for the jury." (Quoting 2 Goodrich–Amram 2d § 1035(d)). The trial court, however, in granting appellants' motion for summary judgment, did not rely on the conflicting testimony as to amount of use of the machine. Therefore, we can infer the court did not deem the dispute concerning length of use of the coffee maker to be material. The court based its decision on the fact that "in losing the defective product [appellants] have deprived the defense of the most direct means of countering their allegations of a defect via expert testing and analysis." (Slip Op., Lehrer, J., 3/25/91, p. 3.) Another basis for the decision was that in losing the defective product, appellants deprived appellee the opportunity of determining the identity of the manufacturer of the glass carafe for indemnity purposes.

We agree with the public policy rationale set forth in the case relied upon by the trial court, *Martin and Greenspan v. Volkswagan of America*, No. 88–8261, 1989 WL 81296 (E.D. 5 Pa. July 13, 1989). In *Martin and Greenspan*, the plaintiff was injured in an automobile accident allegedly as a result of a defective accelerator. After the

accident, the co-plaintiff and the owner of the car sold the car, thus making the accelerator unavailable for defendant's inspection. The court entered summary judgment for the defendant manufacturer and held:

> The defendant has been deprived of the opportunity to have an expert examine the car and to testify, if appropriate, that a defect did not cause the Audi to malfunction. Therefore, the plaintiffs should not be permitted to proceed without producing the vehicle.

> . . . .

> To permit claims of defective products where a purchaser of the product has simply thrown it away after an accident, would both encourage false claims and make legitimate defense of valid claims more difficult. It would put a plaintiff (or plaintiff's attorney) in the position of deciding whether the availability of the item would help or hurt his or her case. Where producing the product for defense inspection would weaken rather than strengthen a case, we unfortunately are obliged to conclude that some plaintiffs and attorneys would be unable to resist the temptation to have the product disappear.

*Id.* at p. 3 (citation omitted). Whether appellants used the coffee maker five times or fifty times is irrelevant to the undisputed fact, relied upon by the trial court, that important evidence was lost or destroyed which precluded General Electric from examining the product, a necessary step in preparation of its defense.

Appellants next rely upon a malfunction theory of products liability and argue circumstantial evidence of a product defect is a question for the trier of fact and thus the trial court erred in granting summary judgment in favor of the appellee. Appellant cites *Troy v. Kampgrounds of America, Inc.*, 399 Pa.Super. 41, 581 A.2d 665 (1990), in support of its malfunction theory of products liability. Although the standard or test for applying the malfunction theory is correctly stated, we find *Troy* does not aid appellants because the facts are distinguishable. In *Troy*, a clothes

dryer or propane gas water heater in a laundry room of a campground exploded, causing a fire, which burned the plaintiffs and destroyed the building. State police fire marshalls, investigators for the campground and investigators for the supplier of the propane examined the damaged appliances. The supplier's expert testified the explosion was caused by a defective gas pilot light safety valve of the hot water heater. The building site was thereafter leveled and the remains of the appliances were destroyed by a neutral party. Thus, neither the plaintiffs nor the defendants had an opportunity to examine the appliances. The court held summary judgment could not be granted in favor of the defendants because the experts' testimony regarding the defects had to be weighed by the jury. *Id.* In this case, however, neither the parties nor any experts ever had the opportunity to examine the glass carafe because the appellants lost the product before examination could occur. *Troy* is analogous to criminal cases when tests had been conducted on evidence which was lost or destroyed before trial, but still may be admitted at trial, permitting the case to go to a jury.

To be successful in a 402A products liability suit, plaintiffs must prove the product was defective and the defect in the product caused plaintiffs' injuries. *Dietrich v. J.I. Case Co.,* 390 Pa.Super. 475, 568 A.2d 1272 (1990). Further, they must prove the defect in the product existed at the time the product left the defendant's control. *Toth v. Economy Forms Corp.,* 391 Pa.Super. 383, 571 A.2d 420 (1990). Plaintiffs may use circumstantial evidence to establish a defective product. One form of circumstantial evidence is the occurrence of a product malfunction along with evidence eliminating abnormal use or reasonable secondary causes for the malfunction. *Troy, supra.* Under the malfunction theory, the plaintiffs have the burden of negating reasonable secondary causes for the accident which are fairly raised by the evidence. *Rogers v. Johnson & Johnson Products, Inc.,* 523 Pa. 176, 565 A.2d 751 (1989). Defendants do not have to prove the existence of secondary

causes for the accident or, in this case, abnormal use of the coffee maker. Their burden is only to identify other possible non-defect oriented explanations. In *Lonon v. The Pep Boys, Manny, Moe & Jack,* 371 Pa.Super. 291, 299, 538 A.2d 22, 26 (1988), the court stated:

> [W]here an explanation consistent with the existence of a defect is as probable as an explanation inconsistent with the existence of a defect, the plaintiff cannot be held to have met his burden. A jury may not be permitted to speculate.

> . . . .

> [I]t is the duty of the trial court to determine whether or not this requirement has been met in the first instance before the issue can be submitted to the jury.

*Id.* (citations omitted).

■ Reviewing the evidence in the light most favorable to appellants, we find appellants failed to prove the malfunction occurred in the absence of abnormal use or reasonable secondary causes. Because they cannot account for the product for several years (testimony revealed appellants were not even sure when the coffee maker was purchased), combined with appellee's expert's testimony following inspection of the coffee maker that it was scorched, charred and used frequently, appellants failed to eliminate the realistic possibility the glass carafe broke because of its use and handling prior to the date of the incident. Appellees' evidence raises an explanation of the breakage which is as probable as appellants' explanation of a defect. Therefore, under the *Lonon* and *Troy* standards, appellants failed to satisfy their burden of proving the coffee maker was defective via the malfunction theory of products liability, and we cannot say the trial court committed an error of law or clearly abused its discretion.

In light of the foregoing discussion, we affirm the trial court's grant of summary judgment.

Order affirmed.

DEL SOLE, J., dissents.

DEL SOLE, Judge, dissenting:

I dissent from the Majority's determination that an award of Summary Judgment was appropriate in this case because I find that there exists certain factual disputes which should cause Appellants' case to be presented to a jury.

The decision to affirm the award of Summary Judgment is based upon the fact that the key piece of evidence in this case was inadvertently destroyed. This is not, nor should it be the law in this Commonwealth. Many times products are destroyed before suit is filed, yet this is not sufficient reason to bar plaintiffs from pursuing their rights. Plaintiffs continue to have the burden of proof in such matters, which burden acts as protection to defendants.

In a case such as this where the product no longer exists and cannot be examined by either party, the plaintiff may recover under the "malfunction" theory of product liability, which concerns circumstantial evidence of a product malfunction. This theory "permits a plaintiff to prove defect in a product with evidence of the occurrence of a malfunction and with evidence eliminating abnormal use or reasonable secondary causes for the malfunction." *Troy v. Kampgrounds of America, Inc.*, 399 Pa.Super. 41, 581 A.2d 665 (1990). It was appropriate for Appellants to seek recovery under this theory, as did the plaintiffs in *Troy* where the evidence was also destroyed and neither investigators for the plaintiffs or the defendants had an opportunity to examine the evidence before its destruction. Further, as in *Troy*, it was not the trial court's function, nor this court's function, to assess or weigh the testimony to be offered by either party in the action. The Majority does, however, despite its pronouncement otherwise, engage in such an assessment.

The Majority states that the trial court "did not rely on the conflicting testimony as to amount of use of the machine" in granting the motion for summary judgment. Majority Opinion at 227. It also remarks that the issue of "whether appellants used the coffee maker five times or fifty times is irrelevant to the undisputed fact, relied upon

by the trial court, that important evidence was lost or destroyed ..." Majority Opinion at 228. Yet, on page 230 of the Majority Opinion it is stated: "Because they cannot account for the product for several years ... combined with appellee's expert's testimony following inspection of the coffee maker that it was scorched, charred and used frequently, appellants failed to eliminate the realistic possibility the glass carafe broke because of its use and handling prior to the date of the incident." This proof is proof that Appellants have the burden of establishing at trial, not at this stage of the proceedings. The fact that there is a material factual dispute as to the amount of use of the product demonstrates that Summary Judgment should not have been entered in this case.

As stated in *Troy,* "on a motion for summary judgment, the trial court's task is to determine whether there are controverted issues of fact, not whether the evidence is sufficient to prove the particular facts." *Id.,* 399 Pa.Superior Ct. at 49, 581 A.2d at 669. Because it appears clear to me that there are controverted issues of fact in this case, I must dissent from the decision to affirm the entry of Summary Judgment in favor of the defendant.