## Diller v. Chrysler Motors Corporation

*William P. Douglas,* for plaintiffs.
*Donald M. Lewis, III,* for defendants.

WALKER, *J.,* October 21, 1992—

### FINDINGS OF FACT

Plaintiffs Barry and Karen Diller filed this strict products liability action against defendant McKnight Motors, Inc., an automobile dealership, and Chrysler Motors Corporation, the automobile manufacturer. Plaintiffs assert that a fire in their garage occurring on February

29, 1989 was caused by a defect in their 1987 Jeep Grand Wagoneer, manufactured and sold by defendants.

Plaintiffs' expert examined the vehicle and removed certain components believed to be relevant in determining the cause of the fire. The rest of the vehicle was subsequently destroyed. Plaintiffs assert an electrical malfunction in the vehicle caused the fire and wish to proceed under the product malfunction theory of strict products liability, which allows the use of circumstantial evidence to prove a product defect. The product malfunction theory requires the plaintiff to show the absence of abnormal use and reasonable secondary causes.

Defendants object to the use of the product malfunction theory. Defendants argue the cause of the fire cannot be determined from the extracted component parts and the subsequent destruction of the vehicle prohibits defendants from producing evidence negating absence of abnormal use and reasonable secondary causes.

The parties briefed and argued the use of the product malfunction issue, which is now ripe for disposition.

## DISCUSSION

The Supreme Court of Pennsylvania adopted an evidentiary approach of the product malfunction theory in *Rogers v. Johnson & Johnson Products,* 523 Pa. 176, 182, 565 A.2d 751, 754 (1989). The court explained the product malfunction theory of strict liability:

"In most instances the plaintiff will produce direct evidence of the product's defective condition. In some instances, however, the plaintiff may not be able to prove the precise nature of the defect in which case reliance may be had on the "malfunction" theory of product liability. This theory encompasses nothing more

than circumstantial evidence of product malfunction. ... It permits a plaintiff to prove a defect in a product with evidence of the occurrence of a malfunction and with evidence eliminating abnormal use or reasonable, secondary causes for the malfunction.... It thereby relieves the plaintiff from demonstrating precisely the defect yet it permits the trier-of-fact to infer one existed from *evidence of the malfunction, of the absence of abnormal use and of the absence of reasonable, secondary causes." Id.* at 182, 565 A.2d at 754 (emphasis added) (citations omitted)

Defendants assert the product malfunction theory cannot be used in the instant case for two reasons. First, the theory does not apply to products with the age and amount of use of the subject vehicle. Second, the destruction of the remainder of the vehicle prohibits defendants from negating evidence of absence of abnormal use and absence of reasonable secondary causes.

The court finds that the age and amount of use of a product, by itself, does not prohibit the plaintiffs from proceeding under a product malfunction theory. The Supreme Court in *Rogers* did not distinguish between old and new products in its adoption of the product malfunction theory; it espoused only an evidentiary approach. The vehicle in the instant case was 18 months old and had been driven 17,000 miles at the time of the fire. This court believes that the age and amount of use are factors to be considered in determining whether a plaintiff has made its burden of eliminating abnormal use and reasonable secondary factors but are not, by themselves, impediments to proceeding under the product malfunction theory.

This court also finds that destruction of the remainder of the subject vehicle does not prohibit the use of the

product malfunction theory. The plaintiff has the burden of "eliminating abnormal use or reasonable secondary causes." *Roselli v. General Electric Co.*, 410 Pa. Super. 223, 229, 599 A.2d 685, 688 (1991). The defendant's "burden is only to identify other possible non-defect oriented explanations." *Id.* at 230, 599 A.2d at 688. If "an explanation consistent with the existence of a defect is as probable as an explanation inconsistent with the existence of a defect, the plaintiff cannot be held to have met his burden [and] [a] jury may not be permitted to speculate". *Lonon v. The Pep Boys, Manny, Moe & Jack*, 371 Pa. Super. 291, 299, 538 A.2d 22, 26 (1988) (citations omitted).

Defendants rely on *Roselli v. General Electric Company, supra,* in support of the spoliation of evidence argument. In *Roselli,* plaintiff alleged a glass carafe by a coffee maker shattered in her hand, causing personal injuries. Plaintiffs produced the coffee maker but not the glass fragments of the carafe. *Id.* at 225, 599 A.2d at 686. Plaintiffs relied upon the product malfunction theory. The Superior Court affirmed the granting of a motion for summary judgment because the plaintiffs "failed to prove the malfunction occurred in the absence of abnormal use or reasonable secondary causes." *Id.* at 230, 599 A.2d at 688.

*Roselli* is distinguishable from the instant case. In *Roselli, neither party, nor their experts, had an opportunity to examine the glass fragments before it was lost by the plaintiffs. Id.* at 299, 599 A.2d at 688. (emphasis added) The fact that the plaintiffs could not "account for the product for several years," coupled with expert testimony that the coffee maker was used frequently and scorched, led the court to conclude that the plaintiffs "failed to eliminate the realistic possibility

the glass carafe broke because of its use and handling prior to the date of the incident." *Id.* at 230, 599 A.2d at 689. The defendant's explanation of the incident was as probable as the plaintiff's explanation and consequently the plaintiff did not meet her burden for the product malfunction theory. *Id.*

In the instant case, both parties examined the component parts extracted from the subject vehicle. Thus, there is at least some circumstantial evidence to support plaintiffs' assertion, as opposed to the unsupported allegations in *Roselli.* The defendant in the instant case has not offered an explanation that is wholly uncontradicted and unsupported by the plaintiffs' evidence. The court finds that because there is evidence to support plaintiffs' allegations in the instant case, the destruction of the remainder of the vehicle does not render impossible the plaintiffs' burden of eliminating abnormal use and reasonable secondary causes. The destruction of the subject vehicle does not unduly prejudice the defendant because of the opportunity to examine the extracted components and its limited burden of identifying only other reasonable possible explanations for the fire. As the Supreme Court stated in *Rogers,* as long as the plaintiffs present a case-in-chief free of secondary causes which justify the inference of a product defect, the jury is free to accept that scenario. *Id.* at 184, 565 A.2d at 755.

In conclusion, the plaintiffs are permitted to proceed under the theory of product malfunction.

## ORDER

And now, October 21, 1992, the Court orders that the defendants' motion to prohibit plaintiffs from proceeding under the product malfunction theory of strict product liability is denied.