## Herr v. Whirlpool Corp.

*C. Kent Price,* for plaintiffs.
*Alan R. Boynton,* for defendant.

SPICER, *P.J.,* December 15, 1992—Defendant seeks to exclude testimony of plaintiffs' experts because plaintiffs have lost or misplaced a refrigerator, thus making it unavailable for inspection. It cites *Roselli v. General Electric Co.,* 410 Pa. Super. 223, 599 A.2d 685 (1991), as authority for the drastic relief it seeks.

*Roselli* involved a products liability claim against an "alleged" supplier of a coffee carafe. Roselli alleged that she had purchased a coffee maker in 1985, and had used it approximately five times. In 1989, a glass carafe was said to have shattered, burning Ms. Roselli. Glass fragments were thrown away.

Interestingly enough: "Appellees' expert's examination of the machine indicated it had been manufactured in 1981, four years before appellants said it was purchased, and the base was scorched and scarred, indicating frequent use of the machine." *Id.* at 225, 599 A.2d at 687-88.

Citing *Martin and Greenspan v. Volkswagen of America,* No. 88-8261, 1989 WL 81296 (E.D. 5 Pa. July 13, 1989). Superior Court said:

"To permit claims of defective products where a purchaser of the product has simply thrown it away after

an accident, would both encourage false claims and make legitimate defense of valid claims more difficult. It would put a plaintiff (or plaintiff's attorney) in the position of deciding whether the availability of the item would help or hurt his or her case. Where producing the product for the defense inspection would weaken rather than strengthen a case, we unfortunately are obliged to conclude that some plaintiffs and attorneys would be unable to resist the temptation to have the product disappear." *Id.* at 228, 599 A.2d at 687-88.

The court hastened to distinguish this from a situation in which a neutral party destroys the evidence and neither party has the opportunity of inspection.

Although Superior Court spoke in terms of Roselli's failure to satisfy her burden of eliminating secondary causes, such as use and handling, it is clear that plaintiffs must either prove general malfunctioning of a particular product or be able to produce a specific unit for inspection.

Supreme Court has granted allocatur in *Roselli* and counsel have suggested that we defer ruling until Supreme Court has acted on the merits of that case.

We may have to reassess our conclusions at some future date, but at the moment, we do not find *Roselli* controlling.

A fire occurred in plaintiffs' mobile home, February 1, 1988. Shortly thereafter, a fire investigator took possession of a Whirlpool refrigerator believed to have caused the fire. The refrigerator was transported to Philadelphia where it was examined and photographed. Plaintiffs' expert concluded that a defective power cord caused the

fire. His report included the statement that "cord remains and the fire patterns on the unit define well this cause and origin." Exhibit B to plaintiffs' undisputed facts.

Plaintiffs provided copies of their reports to defendant on November 16, 1988, with copies of photographs forwarded on December 23, 1988, and December 30, 1988.

More importantly, it is undisputed that Louis H. Carl, a senior product engineer for defendant, actually inspected and photographed various parts of the refrigerator on April 21, 1989. At the time, Mr. Carl had plaintiffs' expert report assigning blame to the power cord.

Actual parts became unavailable after plaintiffs' original counsel died and his firm relocated.

Thus, the situation in no way resembles cases in which plaintiffs have either thrown away fragments or sold cars without giving defendant a chance to inspect. We cannot believe that counsel took advantage of a death and relocation to conveniently misplace Whirlpool parts. We think a more appropriate remedy would be to give defendant the benefit of special instructions at trial. The jury may be told to consider unavailability in determining whether plaintiffs have carried their burden of proof. We may also comment on the possibility of fraud, but find preclusion of testimony as too drastic a sanction for what has occurred.

## ORDER OF COURT

And now, December 15, 1992, defendant's motion is refused.