## Gicking v. Joyce International Inc.

C.P. of Lebanon County, no. 93-00434.

*R. James Kamage,* for plaintiffs.
*Leo E. Gribben* and *Lori A. Adamcik,* for defendant Joyce.
*Christopher J. Coyle* and *Karen Kontje Waller,* for defendant Harpel's.
*Bernard A. Buzgon* and *Scott L. Grenoble,* for defendants Dixie Drive-In, Stashaway Storage, Diversified Associates and the Halsells.

KLINE, *J.,* March 22, 1996—This case is before this court on defendants' Joyce, Harpel's and Dixie

Drive-In Family Restaurant Inc. t/d/b/a Stashaway Storage and William W. Halsell Jr. and Patricia L. Halsell his wife t/d/b/a Stashaway motions for summary judgment and plaintiff's motion to grant leave to amend his complaint. For the reasons set forth in discussion below, the court will grant the motion for summary judgment of defendants Joyce and Harpel's but deny the motion for summary judgment of Dixie Drive-In Family Restaurant Inc. t/d/b/a Stashaway Storage and William W. Halsell Jr. and Patricia L. Halsell, his wife t/d/b/a Stashaway. Further, for the reasons set forth hereafter, plaintiff is granted leave to amend his complaint to include the claim of spoliation. The court specifically notes that there was some confusion in these rather lengthy pleadings of this case as to the proper caption of defendants Dixie Drive-In, etc. The court takes note of an order dated November 15, 1993 by now President Judge Robert J. Eby approving by stipulation an amendment to reflect that the defendant heretofore designated Dixie Drive-In Family Restaurant Inc. t/d/b/a Stashaway Storage shall be referred to as "Dixie Drive-In Family Restaurant Inc. t/d/b/a Stashaway Storage and William W. Halsell Jr. and Patricia L. Halsell, his wife t/d/b/a Stashaway. The court will not look behind the reasons for that change but will consider the entire amended defendant as one defendant, hereinafter referred to as "Dixie."

## FACTS OF CASE

This case arises out of a personal injury claim involving defendant Dixie, and their customer, Conrad Gicking. On September 7, 1991, Mr. Gicking visited the Stashaway Storage facility to discuss his vacating of a rented storage unit. He met with Patricia Halsell in her office. In front of Mrs. Halsell's desk was an

"S" based chair placed there for customers to sit while being waited on. Shortly after their discussion began, Mrs. Halsell heard a "bump[ing]" noise in front of her. She then noticed that Mr. Gicking had sunken in his chair.

Mrs. Halsell rounded the desk to find Mr. Gicking awkwardly listing in his seat. Upon further examination, she found that Mr. Gicking's chair had actually collapsed beneath him. Mrs. Halsell then attempted to extricate Mr. Gicking from this position by herself, but as Mr. Gicking was a "very large man," she could not do so. Mrs. Halsell then enlisted the assistance of her husband to help up their customer. Once Mr. Gicking was aided from his rather awkward position, Mrs. Halsell then noticed that the customer's chair had now taken on the appearance of a "squashed S."

Due to the chair collapsing, Mr. Gicking allegedly received injuries to his knee. Mrs. Halsell put ice on Mr. Gicking's knee and offered to drive him to the emergency room. Mr. Gicking declined.

The chair involved in the incident was allegedly purchased from Harpel's, and manufactured by defendant Joyce. The chair is not available as evidence in this case, as employees of Stashaway Storage disposed of it. Dixie is a separate company from Stashaway, but it is located on the same premises. The companies are owned by the same entity (Halsell). And, as noted above, defendant Dixie by stipulation and order shall be treated as one entity.

Plaintiff sued defendants Joyce, Harpel's, Dixie, Stashaway Storage, and the Halsells under theories of negligence in tort.

## DISCUSSION

The court is faced with two issues: (1) whether defendants' motions for summary judgment based on prejudice stemming from the disposal of the allegedly defective chair should be granted; and (2) whether plaintiff should be granted leave to amend his complaint to include the issue of spoliation.

As to the motions for summary judgment, all defendants claim prejudice from the unavailability of the alleged defective chair. This chair was disposed of by employees of Dixie shortly after plaintiff's alleged injury. Under the spoliation theory, the parties claim that disposal of such a key piece of evidence prohibits them from being able to develop an adequate defense. For the reasons stated below, only defendants Joyce and Harpel's will be afforded the benefits of such a claim.

A motion for summary judgment will be granted when the pleadings, answers to interrogatories, depositions, admissions and affidavits show that there is no genuine issue as to any material fact as a matter of law. Pa.R.C.P. Rule 1035(b), 42 Pa.C.S. In reaching this standard, the court must examine the record in the light most favorable to the non-moving party. *Dibble v. Security of America Life Insurance Co.,* 404 Pa. Super. 205, 590 A.2d 352 (1991). In the case of a motion for summary judgment based on prejudice from the unavailability of evidence, our courts have held that "allowing a cause of action to continue without the allegedly defective product is contrary to public policy." *DeWeese v. Anchor Hocking,* 427 Pa. Super. 47, 50, 628 A.2d 421, 423 (1993).

The Superior Court in the case of *Roselli v. General Electric Co.,* 410 Pa. Super. 223, 226, 599 A.2d 685,

686 (1991) had, previously to *DeWeese v. Anchor Hocking, supra,* also dealt with the issue of unavailability of evidence and the grant of the motion for summary judgment as a result. In *Roselli, supra,* a woman was injured when a glass carafe of coffee she was carrying shattered, causing burns. While the coffee maker was produced at trial, the glass shards were not. The trial court on appeal from an arbitration award granted General Electric's motion for summary judgment reasoning that the source of the glass carafe which was not manufactured by General Electric and was unavailable for inspection could not be determined. *Roselli* was also discussed in the *DeWeese v. Anchor Hocking* case, *supra,* wherein a busboy who was injured as a result of an explosion of a water pitcher sued Anchor Hocking, the alleged maker of the water pitcher. After the explosion, a co-employee of the plaintiff had cleaned up the glass shards and discarded the remnants. As had been discussed in *Roselli,* the Superior Court held that where a plaintiff brings an action claiming that he suffered injuries as a result of a defective product, his failure to produce the product for inspection by defense will render summary judgment against him appropriate. The court held that allowing a cause of action to continue without the alleged defective product is contrary to public policy. The present case is distinguishable on its facts from *Roselli v. General Electric Co., supra* and *DeWeese v. Anchor Hocking, supra* as to defendant Dixie only. As to defendants Joyce and Harpel's they cannot be expected to defend themselves against a tort claim where the material evidence alleged to have created the liability was not in their control and was disposed of by another party, here, co-defendant Dixie.

However, the court cannot extend the same rationale to defendant Dixie, who is ineligible for the protection

of this rule. This court finds that in both *Roselli, supra* and *Anchor Hocking, supra* the turning point was that the *plaintiff,* not the defendant, disposed of the alleged defective product, thereby denying the defendant the ability to inspect it. Defendant Dixie disposed of the evidence, whether intentionally or not, and cannot benefit from the defensive motion for summary judgment under the theory of destruction and subsequent inability to inspect the chair for defect. Accordingly consistent with the facts in *Roselli v. General Electric Co., supra* and *DeWeese v. Anchor Hocking, supra* defendant Dixie's motion for summary judgment is denied.

To compensate for the above problem which limits plaintiff's ability to bring claims against defendants such as Joyce and Harpel's, our courts have developed the doctrine of "spoliation." The theory of negligent spoliation of evidence was developed to aid injured parties when valuable evidence has been lost by providing an alternate form of compensation. Factors to be considered in a spoliation claim include: (1) whether an officer in defendant's organization reasonably should have known there was a potential for litigation; (2) the duty of defendant to preserve all relevant evidence; (3) whether disposal of the evidence was intentional or inadvertent; (4) whether there is a causal connection between the loss of evidence and the inability of plaintiff to recover; and (5) whether plaintiff would suffer actual economic loss from the disposal of the evidence. *Leibig v. Consolidated Rail Corp.,* 31 Lebanon Co. Leg. J. 195 (1994).

Spoliation was recognized in this court for the first time as a cause of action in *Leibig v. Consolidated Rail Corp.* In *Leibig,* the court granted plaintiff leave to amend his complaint for reasons of judicial economy.

*Id.* at 196. The court reasoned that it was simply more efficient to resolve the issue of spoliation in the same proceeding than to require a separate litigation. *Id.*

The court must then address plaintiff's motion to be granted leave to amend his complaint to include the claim of spoliation. First, as in *Leibig,* there is a need for judicial efficiency. As this court has recognized spoliation as a cause of action, plaintiff should therefore be liberally granted leave to amend in the same proceeding unless such leave violates the law, or prejudices the defendant. *Gutierrez v. Pennsylvania Gas & Water Co.,* 352 Pa. Super. 282, 507 A.2d 1230 (1986). The court finds no such prejudice to the defendant or violation of law in this case. Additionally, it is not the court's role in this stage of litigation to determine the merits of plaintiff's spoliation claim, as proof of such a cause of action will be saved for trial. Therefore, plaintiff will be granted leave to amend his complaint within 30 days to include the negligent spoliation of evidence.

We maintain this holding in light of defendant Dixie Drive-In's claim that plaintiff is barred from bringing the spoliation claim under the statute of limitations. While plaintiff may be beyond the applicable two year statute of limitations from the time of injury in 1989, the court finds that the statute should instead run from the time plaintiff should have recognized a cause of action.

Defendant Dixie claims that spoliation was recognized by Pennsylvania courts as early as the *Roselli* decision, in 1989. Although the court in *Roselli* dealt with the issue of unavailability of key evidence, spoliation was not addressed by this court until the *Leibig* case in 1994. To the plaintiff, a strict interpretation that *Roselli* was the genesis of spoliation and therefore

he was aware of it as a cause of action is not supported by a reading of *Leibig.* Accordingly this court will allow plaintiff the time to amend its complaint to include a count for spoliation.

For the above reasons, the court cannot chance abusing its discretion by limiting plaintiff's ability to recover. This is particularly true given defendant Dixie's responsibility for the loss of the material evidence, and the fact that defendants' Joyce and Harpel's motions for summary judgment have been granted.

Plaintiff is granted leave to amend his complaint to include spoliation. Defendant Dixie's motion for summary judgment is denied. Defendants' Joyce and Harpel's motions for summary judgment are granted.[1]

## ORDER

And now, March 22, 1996, for the reasons set forth in the accompanying opinion, the motion to amend complaint filed by Eleanor Gicking, administratrix of the estate of Conrad T. Gicking, plaintiff, is granted. Plaintiff may file an amendment to her complaint within 20 days of entry of this order, to include an additional cause of action against defendants Dixie Drive-In,

---

1. The court recognizes that plaintiff's motion for leave to amend his complaint to include the issue of spoilation has been relisted for oral argument on March 29. As plaintiff's motion has been discussed at January oral argument, and as the court has reviewed the parties' briefs on the matter, the court has included plaintiff's motion in the current opinion. Spoliation's close relation to defendants' present motions for summary judgment would make any further opinions on the matter redundant.

Any issues to date not addressed in this opinion, including defendants Dixie Drive-In's et al., new motion for summary judgment, may be heard in March oral argument court.

Stashaway Storage, and the Halsells, upon the theory of spoliation of evidence.

Also, after careful consideration of the facts, briefs filed by both parties, and for the reasons set forth in the accompanying opinion, defendants' Dixie Drive-In, Stashaway Storage, and the Halsells' motions for summary judgment are denied. Defendants' Joyce and Harpel's motions for summary judgment are granted.