## Fox Run Apartments v. General Motors Corp.

C.P. of Bucks County, no. 93-6184-13-2.

*Laurie A. Carroll,* for plaintiff.
*Karen H. Matthews,* for defendants.

BIEHN, *P.J.,* April 9, 1996—This motion for summary judgment by the defendants, General Motors Corporation and White Consolidated Industries Inc., is grounded on a theory of spoliation of evidence. After consideration of the pleadings and the parties' responses thereto, we grant summary judgment to these defendants only.

Plaintiff, Fox Run Apartments, filed a complaint against defendant for damages caused by a fire that started in one of the apartments on July 21, 1991. Plaintiff alleges that the fire started when the thermostat within a dryer manufactured and supplied by the defendant malfunctioned.

After the fire, plaintiff retained an investigator to examine the dryer. The investigator discovered that the dryer's thermostat was cracked, and concluded that "the fire started from a defective contact welded thermostat in the dryer." (Plaintiff's complaint, paragraph 10.) Sometime after the examination by its experts, but before defendant was notified of the claim of defect in the dryer, plaintiff discarded or misplaced the dryer unit but retained the thermostat. Defendant did not have an opportunity to observe or examine the dryer unit.

Spoliation is an exclusionary doctrine grounded in principles of equity. A party responsible for destroying evidence is excluded from using testimony about that evidence because the defendant no longer has the opportunity to examine the evidence in an attempt to use it to defendant's own advantage. When spoliation is attributed to a plaintiff, and the exclusion of that evidence makes it impossible for plaintiff to make out a prima facie case against defendant, summary judgment is appropriate. *Donohoe v. American Isuzu Motors Inc.,* 155 F.R.D. 515 (M.D. Pa. 1994).

In a products liability case, it is crucial that the product be preserved for defendant to examine. Generally the results of the product examination give defendant the basis upon which to build a defense. "Courts have recognized the extreme prejudice suffered by a defendant should a plaintiff be permitted to go forward with a product liability action without the defendant or its expert having had the opportunity to examine the very product which is alleged to have caused the injury." *Sipe v. Ford Motor Co.,* 837 F. Supp. 660, 661 (M.D. Pa. 1993).

*Roselli v. General Electric Co.,* 410 Pa. Super. 223, 599 A.2d 685 (1991) is a leading Pennsylvania case that granted summary judgment to the defendants after the plaintiff had lost or destroyed the allegedly defective product. In *Roselli* the Superior Court upheld the lower court's decision to grant summary judgment for defendant where plaintiff was burned by coffee from a broken carafe but failed to preserve the carafe or its pieces for defendant to examine. The court wrote "in losing the defective product [plaintiff has] deprived the defense of the most direct means of countering their allegations of a defect via expert testing and analysis." *Id.* at 227, 599 A.2d at 687. The unavailability of the product also precludes defendant from conclusively determining the identity of the product and whether the product was designed, manufactured, distributed, or sold by this defendant or someone else. In the instant case, though the thermostat is available, defendant may well question whether it came from his dryer or one manufactured by another. In *DeWeese v. Anchor Hocking,* 427 Pa. Super. 47, 628 A.2d 421 (1993), a defendant was granted summary judgment because plaintiff had

discarded the product, a glass pitcher, and could not show that the offending pitcher was manufactured or sold by defendant.

Plaintiff here argues that the defective product was not the dryer but the thermostat found within the dryer, and so has only preserved the thermostat. Plaintiff asserts that the spoliation issue is moot because the thermostat is available for the defendant to examine. However, the products that these defendants sell and manufacture are dryer units of which a thermostat is only one component. By discarding the dryer, plaintiff has made a decision that dominates this litigation and constrains the defendant in developing a defense.

The courts in *Sipe, Roselli,* and *DeWeese, supra,* adopted the public policy principle as articulated in *Martin and Greenspan v. Volkswagan of America,* no. 88-8261, 1989 WL 81296 (E.D. 5 Pa. July 13, 1989):

"To permit claims of defective products where a purchaser of the product has simply thrown it away after an accident, would both encourage false claims and make legitimate defense of valid claims more difficult. It would put a plaintiff (or plaintiff's attorney) in the position of deciding whether the availability of the item would help or hurt his or her case. Where producing the product for defense inspection would weaken rather than strengthen a case, we unfortunately are obliged to conclude that some plaintiffs and attorneys would be unable to resist the temptation to have the product disappear." *Roselli, supra* at 228, 599 A.2d at 687, quoting *Martin and Greenspan* at 3.

In granting summary judgment because of plaintiff's spoliation of evidence, a court is not necessarily accusing plaintiff of bad faith dealing, but is saying that plaintiff has acted imprudently and has fatally prejudiced defendant. By not preserving the product for examination

by the defendant, plaintiff has limited the defense and preempted defensive strategies available to the defendant when the product existed. Thereby, plaintiff has either inadvertently or intentionally handcuffed the defendant and should not be able to benefit from this untoward action.

In this case, when plaintiff discarded the dryer it exerted unreasonable control over the litigation limiting the focus of the litigation to the thermostat, the single component of the dryer that it preserved. Because the dryer is unavailable, it would be difficult for defendant to develop other theories of causation. Even if one accepts the unilateral conclusion of plaintiff's expert that the thermostat caused the fire, existence of the dryer would still be critical to the development of the defense. Destruction of the dryer removed the most direct means for the defendant to determine if modification, poor maintenance, improper use, or other factors contributed to or caused the thermostat to malfunction.

Considering the handicap imposed upon the defendant when the plaintiff discarded or lost the dryer, it would be fundamentally unfair to compel this defendant to develop a defense. For the above reasons, summary judgment is hereby granted in favor of defendant.

## ORDER

And now, April 9, 1996, upon consideration of defendants General Motors Corporation and White Consolidated Industries' motion for summary judgment and the responses thereto, it is hereby ordered and decreed that defendants' motion is granted, and that plaintiff's complaint against defendants General Motors Corporation and White Consolidated Industries is dismissed.