## Troup v. Tri-County Confinement Systems Inc.

C.P. of Snyder County, no. 338-1994.

WOELFEL, *J.,* July 23, 1996—Plaintiff commenced this action seeking the recovery of actual and consequential damages resulting from the collapse of a hog barn roof on March 4, 1994. Plaintiff had contracted with the original defendant, Tri-County Confinement Systems Inc., to construct and install the hog barn. Plaintiff's theories of recovery include breach of contract, breach of warranties, negligence, and strict liability. Eventually, the additional defendants were joined in this action, in which improper design of roof trusses, braces and support beams had been alleged. RigidPly has filed the instant motion for summary judgment, claiming that it was denied the "opportunity to perform an engineering analysis of the damage at any time prior to the destruction of the key evidence." (Motion for summary judgment, para. 7.) As a result, RigidPly asserts that the doctrine of "spoliation of evidence" dictates the entry of summary judgment in its favor. Mitek Industries has joined in RigidPly's motion and supportive brief. For the reasons set forth herein, the joint motion for summary judgment will be granted.

The standard for the proper entry of summary judgment is well established:

"An order granting summary judgment is appropriate when a review of all the interrogatories, affidavits and depositions of record indicates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. . . . [The] entry of summary judgment may be granted only in cases where the right is clear and free of doubt. . . . When considering whether summary judgment is proper, the record must be examined in the light most favorable to the non-

moving party, with all doubts resolved against the moving party." *Demmler v. SmithKline Beecham Corp.,* 448 Pa. Super. 425, 430, 671 A.2d 1151, 1153 (1996). (citations omitted)

As previously stated, RigidPly argues that the summary judgment is proper because it did not have the opportunity to conduct engineering analyses on critical pieces of evidence, such as the rafters and trusses. Tri-County asserts that RigidPly did not avail itself of the opportunity to inspect the damaged building and conduct engineering analyses on the trusses, beams and rafters, when such remnants of the barn collapse remained on plaintiff's premises for several months.

In resolving RigidPly and Tri-County's respective positions, we are guided by *Schroeder v. PennDOT,* 676 A.2d 727 (Pa. Commw. 1996), which presented analogous facts. Therein, appellant's decedent had died from a fire which had erupted following the crash of the truck which the decedent had operated. Appellant filed suit against the manufacturer and seller of the truck as well as the Department of Transportation. After the accident, the truck was transported to a towing facility and was subsequently purchased by a salvage business, with the understanding that the truck would be preserved by the salvage company pending further notice from appellant's counsel. Despite this agreement, parts of the truck were sold by the salvage company, to whom appellant had transferred title. Defendant PennDOT requested an opportunity to examine the truck. Following a motion to compel, appellant was ordered to make the truck available for inspection. PennDOT was later advised by the salvage business that parts of the truck had been sold. The defendants moved for summary judgment, which was granted and later affirmed by the Commonwealth Court.

The court concluded that the trial court properly relied on a series of cases, *DeWeese v. Anchor Hocking Consumer and Industrial Products Group,* 427 Pa. Super. 47, 50, 628 A.2d 421, 423 (1993) and *Roselli v. General Electric Co.,* 410 Pa. Super. 223, 228, 599 A.2d 685, 687-88 (1991), *appeal granted,* 530 Pa. 645, 607 A.2d 255 (1992), which have held that "where a plaintiff brings an action claiming that he suffered injury as a result of a defective product, his failure to produce the product for inspection by the defense will render summary judgment against him appropriate." Appellant argued that she should not have been penalized because the truck was salvaged without her knowledge. Commonwealth Court disagreed: "The case law is clear, where a plaintiff brings an action alleging an injury as a result of a defective product it is that plaintiff's duty to preserve the product for defense inspection or forfeit the claim. Appellant did not preserve decedent's truck and therefore summary judgment was appropriate." *Schroeder, supra,* 676 A.2d at 730-31.

The Commonwealth Court reaffirmed the Superior Court's recognition of the policy considerations in requiring that the allegedly defective product be preserved in order for the cause of action to go forward:

"To permit claims of defective products where a purchaser of the product has simply thrown it away after an accident, would both encourage false claims and make legitimate defense of valid claims more difficult." *DeWeese v. Anchor Hocking, supra* at 51, 628 A.2d at 423.

Thus, it would appear that the onus is on the party seeking recovery to preserve the allegedly defective product, as opposed to mandating that the defending party request an inspection of the product in a timely fashion. Tri-County has not cited any case in this or

any other jurisdiction which carves out an exception to the spoliation of evidence rule where defendants do not examine, inspect or test the product in question prior to its destruction or alteration. On the contrary, both the Superior Court, as articulated in *Roselli* and *DeWeese,* and the Commonwealth Court, as noted in *Schroeder,* have recognized that a products liability action may not go forward without preservation of the allegedly defective product and product fragments.[1] Portions of the record submitted by both RigidPly and Tri-County indicate that those trusses, beams and rafters which were not destroyed by the collapse were eventually incorporated into the re-built structure or left to remain in a field on plaintiff's property for several months. The remnants which had been deposited on plaintiff's field were eventually disposed of. Neither plaintiff nor Tri-County (which has alleged the existence of a defective product) preserved relevant evidence, which according to *Schroeder, DeWeese,* and *Roselli,* it is obliged to do. Accordingly, summary judgment will be entered for RigidPly Rafters and Mitek Industries.

---

1. While not binding on the court, we do note this language: "A litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *Fire Insurance Exchange v. Zenith Radio Corp.,* 103 Nev. 648, 651, 747 P.2d 911, 914 (1987). The duty arises as soon as a potential claim is identified. As explained in *Hirsch v. General Motors Corp.,* 266 N.J. Super. 222, 628 A.2d 1108 (1993): "A duty to preserve evidence, independent from a court order . . . arises where there is: (1) pending or probable litigation involving the defendants; (2) knowledge by the plaintiff of the existence or likelihood of litigation; (3) foreseeability of harm to defendants, or in other words, discarding the evidence would be prejudicial to defendants; and (4) evidence relevant to the litigation. *Id.,* 628 A.2d at 1122. *Baliotis v. McNeil,* 870 F. Supp. 1285 (M.D. Pa. 1994).

## ORDER

And now, July 23, 1996, the motion for summary judgment of additional defendant RigidPly Rafters, as joined in by additional defendant Mitek Industries, is hereby granted.