## Moser v. Brodak's Supermarket Inc.

C.P. of Fayette County, no. 1101 of 1996, G.D.

*Barbara Balling Carl,* for plaintiffs.
*Carl A. Eck,* for defendants.

SOLOMON, *J.,* March 12, 1997—Before the court is the motion for summary judgment filed on behalf of the defendants, Brodak's Supermarket Inc., Brodak's Family Market Inc., and Star-Kist Foods Inc.

### STATEMENT OF THE CASE

The plaintiffs, Dianne M. Moser and Patrick A. Moser, have averred that Ms. Moser sustained certain injuries

while opening a can of cat food on June 29, 1994. The plaintiffs further aver that the product was manufactured by the defendant, Star-Kist and sold by the defendant, Brodak's. According to the plaintiffs, although Ms. Moser opened the can in accordance with its printed instructions, she was nonetheless injured due to a design defect. The plaintiffs seek recovery based upon the theories of strict liability, negligence, and breach of warranty.

The defendants filed an answer and new matter denying that the can was in any way defective. The plaintiffs filed a reply to the new matter. Thereafter, the plaintiffs answered the defendants' interrogatories and admitted that they had destroyed the can immediately after the accident. Subsequently, the defendants filed this motion for summary judgment arguing that since the plaintiffs have made the product at issue unavailable for inspection by the defendants, they are entitled to judgment as a matter of law.

## DISCUSSION

When passing upon any motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, and resolving all doubt against the moving party. *Young v. Eastern Engineering and Elevator Co.,* 381 Pa. Super. 428, 554 A.2d 77 (1989). Summary judgment demands a very high standard of proof. It may only be invoked when the pleadings, depositions, interrogatories, and admissions on record show that there is no genuine issue as to any material fact; then the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b), 42 Pa.C.S.; *Schroeder v. PennDOT,* 676 A.2d 727 (Pa. Commw. 1996), *alloc. granted,* 685 A.2d 549

(1996); *Roselli v. General Electric Co.,* 410 Pa. Super. 223, 599 A.2d 685 (1991), *alloc. granted,* 530 Pa. 645, 607 A.2d 255 (1992). It is upon both *Schroeder* and *Roselli* that the defendants rely for the proposition that summary judgment is proper and should be granted.

*Roselli* involved a product liability action arising out of injuries suffered by the plaintiff when the glass carafe from her coffee maker shattered, spraying her with hot coffee. The plaintiff's lawyer later misplaced the glass fragments from the shattered carafe making them unavailable for inspection by the defendant. The court granted summary judgment in favor of the defendant, based upon the unavailability of the carafe fragments.

In making its determination, the Superior Court agreed with the reasoning in *Martin and Greenspan v. Volkswagen of America,* no. 88-8261, 1989 U.S. Dist. LEXIS 8087 (E.D. Pa. July 13, 1989) and premised its holding upon the public policy concerns expressed in *Greenspan.* Both the *Greenspan* and *Roselli* courts were concerned that allowing defective product claims where the plaintiff has destroyed the allegedly defective product would encourage false claims and would make the defense of valid claims more difficult.

The plaintiffs contend that they fall within a possible exception found in *Greenspan.* Therein, the court noted that Hawaii Court of Appeals had held that where a plaintiff has alleged a common manufacturing defect, the production of the specific defective product was not necessary. However, this issue was recently resolved in Pennsylvania.

In the case of *Schroeder v. PennDOT, supra,* the Commonwealth Court of Pennsylvania rejected the *Greenspan* exception and found that "[w]hether it is alleged that a single product contained a defect or that a defect existed in an entire line of products, the inability

to examine the product which is alleged to have caused the injury precludes a defendant from presenting the standard products liability causation defenses." *Id.*, 676 A.2d at 730.

Here, the plaintiffs' disposal of the product has prejudiced the defendants in that the defendants cannot determine if the product was abused, misused or altered after manufacture and has precluded the defendants from presenting the standard product liability causation defenses. Additionally, the preservation of the product alleged to have caused injury is necessary to identify its manufacturer. *Roselli, supra;* see also, *DeWeese v. Anchor Hocking,* 427 Pa. Super. 47, 628 A.2d 421 (1993).

Since the plaintiffs have disposed of the subject product and have, by their action, made it unavailable for inspection by the defendants, the defendants' motion for summary judgment must be granted.

Wherefore, we will enter the following order.

### ORDER

And now, March 12, 1997, it is hereby ordered and directed that the defendants' motion for summary judgment is granted.