## Cohen v. Chateau at Camelback

C.P. of Monroe County, no. 2124 Civil 1993.

*Martin G. Rubenstein,* for plaintiff.
*Joseph A. Murphy* and *Joel D. Gusky,* for defendants.

WALLACH MILLER, *J.,* April 10, 1997—This motion for summary judgment by the additional defendant Rea & Derrick Drug Store is grounded on a theory of spoliation of evidence. After consideration of the pleadings and the parties' responses thereto, we grant summary judgment to Rea & Derrick Drug Store.

Plaintiffs Lajuana Cohen and Barry Cohen, her husband, filed a complaint against defendant The Chateau at Camelback for injuries allegedly sustained by Mrs. Cohen when a poolside lounge chair collapsed on May

29, 1988. Plaintiff alleges that The Chateau was negligent in failing to keep and maintain the chair in a safe condition for use by its resort guests. The Chateau filed a joinder complaint against the additional defendant Rea & Derrick alleging that additional defendant sold, manufactured, tested and/or distributed the chair in question to The Chateau. The Chateau further alleged that if Plaintiff's injuries occurred as alleged, then the additional defendant was negligent in designing, manufacturing, constructing, inspecting and/or testing the chair and/or failing to provide sufficient warnings and safety devices and that it breached warranties of merchantability and fitness. The Chateau also alleges that additional defendant is alone liable to the plaintiffs or liable over to The Chateau or jointly and severally liable with The Chateau. After the additional defendant filed an answer with new matter alleging that it did not design, manufacture or construct the chair and that it was without sufficient knowledge or information to determine whether it was the retailer/distributor of the chair, the Philadelphia Court of Common Pleas transferred this action from Philadelphia County to Monroe County on April 15, 1993.

In The Chateau's answers to interrogatories, it admits that the chair in question was thrown away by The Chateau sometime after the alleged incident and before the joinder complaint was filed. The Chateau alleges that the chair was purchased from the additional defendant sometime between 1986 and the date of the accident but cannot locate any documents to substantiate the purchase. No photographs were ever taken of the chair in question. However, The Chateau claims that the chair is similar to a chair depicted in photographs

taken by The Chateau's insurer on March 29, 1990, nearly two years after the accident. However, depositions taken of both plaintiffs indicate that they could not identify the photograph as looking like the chair in which Mrs. Cohen allegedly suffered her injuries. Plaintiffs gave differing descriptions of the chair at their depositions but agreed that the chair was rusted and appeared to be old. Mrs. Cohen testified that the straps were frayed underneath and that the color was faded.

Additional defendant Rea & Derrick has never had an opportunity to observe or examine the chair.

Spoliation is an exclusionary doctrine grounded in principles of equity. A party responsible for destroying evidence is excluded from using testimony about that evidence because the defendant no longer has the opportunity to examine the evidence in an attempt to use it to defend its own advantage. When spoliation is attributed to a party and the exclusion of that evidence makes it impossible for that party to make out a prima facie case against the defendant, summary judgment is appropriate. *Donohoe v. American Isuzu Motors Inc.*, 155 F.R.D. 515 (M.D. Pa. 1994). In a products liability case, it is crucial that the product be preserved for defendants to examine. Generally, the results of the product examination give defendant the basis on which to build a defense. "Courts have recognized the extreme prejudice suffered by a defendant should a plaintiff be permitted to go forward with a product liability action without the defendant or its expert having had the opportunity to examine the very product which is alleged to have caused the injury." *Sipe v. Ford Motor Co.*, 837 F. Supp. 660 (M.D. Pa. 1993).

*Roselli v. General Electric Co.*, 410 Pa. Super. 223, 599 A.2d 685 (1991), is a leading Pennsylvania case

that granted summary judgment to the defendants after the plaintiff had lost or destroyed the allegedly defective product. In *Roselli*, the Superior Court upheld the lower court's decision to grant summary judgment for defendant where plaintiff was burned by coffee from a broken carafe but failed to preserve the carafe or its pieces for defendant to examine. The court wrote "[I]n losing the defective product [plaintiff has] deprived the defense of the most direct means of countering their allegations of a defect [by] expert testing and analysis." *Id.* at 227, 599 A.2d at 687. The unavailability of the product also precludes defendant from conclusively determining the identity of the product and whether the product was designed, manufactured, distributed or sold by this defendant or someone else. In the instant case, additional defendant may well question whether the chair came from it or from another manufacturer or distributor. In *DeWeese v. Anchor Hocking*, 427 Pa. Super. 47, 628 A.2d 421 (1993), a defendant was granted summary judgment because plaintiff had discarded the product, a glass pitcher, and could not show that the offending pitcher was manufactured or sold by the defendant.

The original defendant here in its brief argues that it will produce eyewitness testimony that the chair in question was sold, distributed, promoted and/or advertised to The Chateau by Rea & Derrick Drug Store. However, when a motion for summary judgment is made and suborned as provided by the summary judgment rule, Pa.R.C.P. 1035.1, the non-moving party may not rest upon the mere allegations or denials of the pleadings. Rather, it has a responsibility to show that genuine issues of fact exist by affidavit or otherwise.

Pa.R.C.P. 1035.3. The courts in *Sipe, Roselli* and *DeWeese, supra,* adopted the public policy principle as articulated in *Martin and Greenspan v. Volkswagen of America,* no. 88-8261, 1989 W.L. 81296 (E.D. Pa. July 13, 1989).

"To permit claims of defective products where a purchaser of the product has simply thrown it away after an accident, would both encourage false claims and make legitimate defense of valid claims more difficult. It would put a plaintiff (or plaintiff's attorney) in the position of deciding whether the availability of the item would help or hurt his or her case. Where producing the product for defense inspection would weaken rather than strengthen a case, we unfortunately are obliged to conclude that some plaintiffs and attorneys would be unable to resist the temptation to have the product disappear." *Roselli, supra* at 228, 599 A.2d at 687 (quoting *Martin and Greenspan,* at 3).

In granting summary judgment based on spoliation of evidence, we are not necessarily accusing anyone of bad faith dealing, but are saying that the defendant has acted imprudently and has fatally prejudiced additional defendant. By not preserving the product for examination, defendant has limited Rea & Derrick and preempted defensive strategies available to them when the product existed. Thereby, defendant has either inadvertently or intentionally handcuffed Rea & Derrick and should not be able to benefit from this action. In this case, when The Chateau threw away the chair, it exerted unreasonable control over the litigation limiting the focus of the litigation. Because the chair is unavailable, it would be difficult for Rea & Derrick to develop its case. Considering the handicap imposed upon the additional defendant when the original defendant discarded or lost the chair, it would be fun-

damentally unfair to compel this additional defendant to develop a defense. For the reasons above, we enter the following order.

## ORDER

And now, April 10, 1997, upon consideration of additional defendant Rea & Derrick Drug Store's motion for summary judgment and the responses thereto, it is ordered that additional defendant's motion for summary judgment is granted against the original defendant, The Chateau at Camelback d/b/a The Chateau, and also since the court has been advised by plaintiffs that they do not oppose the motion for summary judgment, the motion is granted on all claims in this action by plaintiffs and the original defendant.