**Reigert v. Giant Food Stores Inc.**

516

C.P. of Lebanon County, no. 96-01168.

*Robert Keys Jr.,* for plaintiff.
*George B. Faller Jr.,* for Giant Food Stores Inc.
*Robert J. Powell* and *William J. Aquilino,* for Palmyra Bologna Co.

EBY, *J.,* June 9, 1997—In this case, plaintiff's 5-year-old son ate some Lebanon bologna that plaintiff bought at a Giant Foods grocery store in Hershey, Pa., and became ill. Plaintiff took the child to Hershey Medical Center, where doctors took samples and found evidence that he was suffering from salmonella poisoning.

Plaintiff then took a sample of the bologna to the state Department of Health, and the department's tests revealed that the bologna was contaminated with salmonella bacteria.

Plaintiff's son became ill on September 30, 1995. Plaintiff retained Attorney Robert Keys Jr. in October of 1995. Counsel notified Palmyra Bologna of plaintiff's claim on November 16, 1995, and the company referred plaintiff's counsel to its insurer, Northbrook Insurance Co., and the firm investigating the problem for the insurance carrier, Crawford and Company. The company's insurer asked for the written lab reports, which plaintiff supplied on December 20, 1995, along with answers to a written questionnaire sent by the insurer.[1] After hearing nothing from defendants for more than nine months, plaintiff filed suit in October of 1996.

Palmyra Bologna and Giant Foods both have requested we enter summary judgment against plaintiff based on her failure to keep the bologna at issue available for their inspection. Palmyra's motion is properly before us, but Giant's motion is not yet ripe.

When we are asked to enter summary judgment, Rule 1035.1 requires us to examine the pleadings, interrogatory answers, affidavits, depositions of record and any admissions before making a decision. Pa.R.C.P. 1035.1, 42 Pa.C.S. (Purdon 1997 Supp.). To prevail in its motion, Palmyra Bologna must establish that there is no genuine issue of any material facts and that it is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2, 42 Pa.C.S. (Purdon 1997 Supp.).

---

1. The questionnaire asked whether plaintiff had proof of purchase; she replied that she had retained a portion of the bologna at issue. Affidavit exhibit B.

Defendant Palmyra Bologna asserts it is entitled to summary judgment based on the spoliation of evidence doctrine. This doctrine imposes a duty upon a plaintiff who brings an action based on an allegedly defective product to preserve that product for the defendant's inspection. In most instances, if the plaintiff does not preserve the product, his claim may be forfeited. *Schroeder v. PennDOT,* 676 A.2d 727 (Pa. Commw. 1996).

Included as an exhibit to its motion are defendant Palmyra Bologna's responses to plaintiff's first request for admissions. In its responses, Palmyra Bologna admits that its insurer received a copy of the questionnaire completed by plaintiff's counsel on or about December 20, 1995. (Response to request for admissions ¶4.) Defendant denies, however, that it or its insurer "was under any duty to request" that plaintiff provide a sample ·of the bologna at issue before she filed suit.

In an affidavit submitted in opposition to the motion, plaintiff states she kept the bologna, which had been sliced from a large stick of bologna at the Giant Food delicatessen, in her home freezer from the date of her son's illness until July 15, 1996. In July of 1996, she moved from her apartment, and everything in her refrigerator and freezer was removed and destroyed. Plaintiff still has the plastic wrappings showing the bologna's bar code.

Defendants argue that they cannot now determine whether their product caused the illness. They cite many cases having to do with spoliation of evidence, including *Roselli v. General Electric Co.,* 410 Pa. Super. 223, 599 A.2d 685 (1991), and *Leibig v. Consolidated Rail Corp.,* 31 Leb.L.J. 188 (Lebanon C.P. 1994). They cite no cases, however, where the item at issue was *perishable,* or where the microscopic organisms alleged

to have caused an illness might have disappeared even before the defendant's inspection because of the passage of time.[2]

We take judicial notice that bologna is a perishable food product.[3] The record shows that defendant Palmyra's investigative agents, Crawford and Company, and its insurer knew of the claim in November of 1995, and knew that plaintiff had a sample of the bologna at issue at that time. Defendant also knew of the lab reports showing the presence of salmonella bacteria in the bologna and in plaintiff's son.

In a case where a perishable food item is alleged to have caused illness, it behooves the plaintiff to make a prompt complaint to the food's producers and vendors, and to retain a sample of the food, if feasible, for a reasonable period of time after making the complaint. Because food products are perishable, we also think defendants have an obligation to request a sample of the food at issue within a reasonable time after notice of the existence of the evidence.

2. Plaintiff cites *Santarelli v. B.P. America,* 913 F. Supp. 324 (M.D. Pa. 1996) in support of her contention that preservation of a defective food product is not a prerequisite to recovery in a product liability case. In *Santarelli,* the court was asked to grant summary judgment to the growers and vendors of farm-raised salmon fish on the basis of the plaintiff's failure to preserve the fish at issue. The court, relying on *federal* law, declined to punish plaintiff for her failure to preserve the fish. The court noted that the laboratory of the expert to whom the samples had been sent for testing and storage suffered a power loss, which ruined the fish. The court stated that the defendants suffered only minimal prejudice through not being able to further test the samples.

3. None of the parties has submitted affidavits on how much of the bacteria that were alleged to have lived in the bologna would have been detected after nine and one-half months of storage in plaintiff's freezer.

In this case, it would be unjust to penalize plaintiff for disposing of the bologna nine and one-half months after her son's illness, when defendant's agents knew of the existence of the sample for seven months after plaintiff notified the company of her claim. Plaintiff made a prompt complaint, and retained a sample of the food for a reasonable period of time. Defendants' agents did not, however, request a sample of the food for testing within a reasonable period of time after being notified of plaintiff's claim.

We will deny the motion.

## ORDER

And now, to wit, June 9, 1997, upon careful consideration of defendant Palmyra Bologna Co.'s motion for summary judgment, and the plaintiff's response thereto, it is hereby ordered that the motion is denied.